C. W. SHOLES, PLAINTIFF IN ERROR, V. CALVIN A. KREAMER, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

**Assumpsit.** W., who was temporarily absent, was the owner of a frame building on the lot of an owner who was about to commence an excavation for the purpose of rebuilding, and who had given out his intention to tear the frame building down unless it was immediately removed. S., a friend of W., applied to K., engaged in removing frame buildings, and employed him to remove the building to a designated lot, informing him that he was acting for W., who had a chattel mortgage on the building and was amply able to pay; but that if he did not, he, S., would see that he had his pay. On these terms, K. moved the building to the extent of his contract, and went after W. for his wages; but not finding him at his place of business, and getting no satisfaction for his labor, sued S. as principal. *Held,* That S. was liable.

ERROR to the district court for Lancaster county. Tried below before HAYWARD, J.

*J. S. Gregory,* for plaintiff in error.

*W. R. Kelly,* for defendant in error.

COBB, J.

This action was brought to this court by the petition of the plaintiff in error to review the judgment of the district court of Lancaster county.

The plaintiff below alleged that on the 15th of September, 1885, at the special instance and request of the defendant, he moved a certain frame building from M street, between Eleventh and Twelfth streets, in Lincoln, in said county, to O street, between Nineteenth and Twentieth streets in Lincoln; that subsequently, on the 30th of September following, he presented his account for labor and

services, in moving said building, to the defendant, amounting to $40.43, which the defendant then and there promised to pay within a reasonable time; that said time has since elapsed and the defendant, though often requested, has not paid the same nor any part thereof; that the said sum of $40.43 is now due from the defendant on said account for work and labor with interest thereon from September 30, 1885, for which he asks judgment for the principal, interest and costs of suit.

To this the defendant answered that on September 10, 1885, as the agent of George A. Whitcomb and John S. Gregory, he employed the plaintiff to remove a small frame building from lot four of block eighty-eight, in Lincoln, to lot three of block twenty-two of Lavender's addition to Lincoln, for the agreed price of $30, on the following conditions: The plaintiff to remove said building to lot three without unnecessary delay, in a careful manner, and without needless injury to the building, for the price of $15 per day for the time actually employed, provided the whole should not exceed $30 for the job. That on the 20th of September, following, the plaintiff, in pursuance of the contract, removed said building to O street, near said lot three, and there left it in the street, in a warped and unsafe condition, whereby nearly all the plastering from the walls dropped off, and other injuries were suffered, caused by the carelessness and neglect of the plaintiff in not completing his contract, denying each and every allegation of the plaintiff, and alleging that the building was damaged by the plaintiff's neglect to the amount of $45, and praying judgment for costs.

The plaintiff's replication admits the performance of the work and labor, and avers that he did it at the instance of the defendant, and that the defendant promised to pay for the same as alleged; and denies each and every other allegation of the answer.

There was a trial to the jury with verdict for the plaintiff

for the sum of $43.26.   Whereupon the defendant moved for a new trial, for the reasons:

1. That the verdict is not sustained by sufficient evidence.

2. That it is contrary to law.

3. That it is contrary to the first paragraph of the instructions of the court.

4. That it should have been for the defendant, according to the law and evidence, which, having been argued and considered, was overruled by the court, and judgment rendered for the plaintiff for $43.26 and $98.85 costs.

To all of which the defendant excepted, and assigned the following additional causes of error.

5. The court erred in refusing to give the instructions asked by the defendant below.

6. In overruling the motion for a new trial.

On the trial the plaintiff was sworn and examined as a witness, and testified that between the 27th and the latter part of September, 1885, he presented the defendant with a certain account of charges for removing his building, which he kept, a copy of which, marked "A," the witness identified as a copy of the account and the amount; that when witness gave defendant a copy of the account, defendant told witness that he should get in his buggy with him and go down town and get the money; that he said it was all right, there was a man down town that he would get the money from and pay it; that witness went over to the First National Bank in Lincoln with defendant, and he could not find his man that he wanted, and they went to several stores looking for him and did not find the man, and defendant did not pay the account.

That afterward, on the 16th of October, following, witness saw the defendant and had a conversation with him about paying the account; he then told witness to jump in the buggy and go down and he would get the money. Witness went with him, but did not get the money, and he has never paid it since.   The plaintiff further testified:

Q. What did he say, if anything, about getting the money?

A. He said he would get the money, or send it to me; one or the other, I am not certain which.

Q. What was the amount of the account?

A. Forty dollars and forty-three cents.

Q. Has the defendant or anybody paid any part of that?

A. No sir.

Cross-examined by Mr. Lansing:

Q. How long have you known the defendant?

A. Since the 14th or 15th of September, 1885.

Q. Did you ever have any other business dealings with him than this for which this suit is brought?

A. No other business.

Q. Did he come to you, or you go to him?

A. He came to me.

Q. When did you commence to move the building?

A. On the 15th day of September, at seven o'clock in the morning; two men, a team and driver, and myself.

The defendant affirmed, and was examined as a witness, and testified that he was acquainted with the plaintiff, who was a witness upon the stand; that he first saw him in the fall of 1885; early in the fall, about the last of September, he should say; that he knew G. H. Whitcomb, and knew the house in question. The defendant further testified:

Q. What conversation had you, if any, with plaintiff relative to the moving of this house?

A. I told him that I had a house that I wanted moved for a man by name of George A. Whitcomb, and that Whitcomb had a chattel mortgage upon it, and I wanted him to move it. He told me he was very busy and couldn't well do it right immediately, but finally agreed to move it.

Q. State the substance of the conversation — what he and you said?

A. I asked him what he would move it for, but told him I was acting as the agent for Whitcomb; that he was able to pay, but if he didn't pay him I would; I would see that he had his pay. He said he would move it, in substance. I asked him what he would charge for moving it; I think he told me that he charged $15 a day; I am not positive, but I think it would amount to from $25 to $30, indefinitely.

Q. What was next said and done?

A. I think he went to moving it. The time was agreed upon when he should commence.

Q. Describe the location of the house relative to where it was to be moved — how far?

A. On M street, adjoining the old Methodist church building between Eleventh and Twelfth streets, to be moved east to Seventeenth and north to O street.

Q. When did you next see the plaintiff?

A. While he was moving it on M street, and on O street street also.

Q. Did you have any conversation at that time with him?

A. It was a little indefinite where we were going to put the building. I think he asked me where, and I was to ascertain and let him know. It was then on O street east of Seventeenth, out about ten feet from the sidewalk; that is the last I saw of him locating the house at that point.

The defendant further testified that he went with the plaintiff to get his pay of Whitcomb, but failed to find him; that he subsequently "told Whitcomb the amount, two or three times over."

It appears from the evidence that on the lot where it was intended the house should be located, there were shade trees of fifteen years' growth and that the plaintiff was without authority to remove them in order to set up the building on the lot at the proper time, which is wholly ascribed to the fault or improvidence of the defendant.

There is the additional testimony of the witnesses Redding, Van Deville, and Ferguson, who were employed by the plaintiff, and were present assisting to move the house, that it was left in as good a condition, without waste or injury, so far as the removal would permit.

The preponderance of evidence in the trial tending clearly to establish the defendant's assumpsit in employing the plaintiff before the work was undertaken, and guaranteeing the payment before it was accomplished, the first, second, fourth, and sixth, assignments in error are overruled.

As to the third error complained of, that the verdict is contrary to the first paragraph of the instructions of the court, it is sufficient to say that, as the instruction is alternative in form and proposition, and the jury found on the weight of evidence for the plaintiff, the instruction was properly given and the verdict ought not to be disturbed.

As to the fifth error assigned, in the court's refusing the defendant's instruction, there was not sufficient warrant in the evidence to the jury that the defendant acted as an agent by the authority and instruction of a principal, or that he employed the plaintiff in that capacity only. Had such been the fact, the instructions of the court already given comprehended that alternative, and were sufficient in that view. The further instructions asked by defendant were therefore properly refused, and the fifth assignment is overruled.

The case having been submitted to the court on briefs of counsel to be decided on the merits of the controversy and claim of the parties, the motion of the defendant in error of January 6, 1888, to dismiss the petition in error because the plaintiff in error failed to file the transcript of proceedings with the petition within one year after judgment in the court below, and the subsequent motion of February 16, 1888, that the plaintiff in error be required to produce an alleged assignment to third parties, of the

judgment below, will not be further considered; and the
judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.